# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID RIGO FERNANDEZ, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DOUYU INTERNATIONAL HOLDINGS LIMITED, SHAOJIE CHEN, AND MINGMING SU, <br><br> Defendants. | No. 2:23-cv-03161-EP-SDA |

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a class action is pending in this Court entitled *Fernandez v. DouYu International Holdings Limited, et al.,* Case No. 2:23-cv-03161-EP-SDA (the "Action");

WHEREAS, lead plaintiffs Raphael Seiler and Pedro Reyes ("Plaintiffs" or "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and Defendants DouYu International Holdings Limited ("DouYu" or the "Company"), Shaojie Chen ("Chen") and Mingming Su ("Su"; and together with DouYu and Chen, "Defendants"; and collectively, with Plaintiffs, the "Parties"), through their respective counsel of record, have entered into the Stipulation of Settlement, dated July 30, 2024 (the "Stipulation"), which sets forth the terms and conditions for the proposed settlement and dismissal of the Action;

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

1

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court having read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

WHEREAS, the Court finds that substantial and sufficient grounds exist for entering this Order; and

WHEREAS, the Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED,

1.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons who purchased publicly-traded DouYu American Depositary Shares ("ADSs") between April 30, 2021 and November 27, 2023, inclusive, and were damaged thereby (the "Settlement Class").  Excluded from the Settlement Class are: (i) Defendants; (ii) the officers, directors, and affiliates of DouYu at all relevant times; (iii) any entity in which Defendants have or had a majority ownership interest; (iv) immediate family members of any excluded Person; (v) the legal representatives, heirs, successors, assigns or assignees of any excluded Person or entity; and (vi) any Person who purchased DouYu ADSs in private transactions and/or on private exchanges. Also excluded from the Settlement Class are those Persons who submit a request for exclusion that is accepted by the Court.

2

2.　　　This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.　　　Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, The Rosen Law Firm, P.A. and Glancy Prongay & Murray LLP, previously selected by Plaintiffs and appointed by the Court, are hereby appointed as Lead Counsel for the Settlement Class ("Class Counsel").

4.　　　The Court finds that: (a) the Stipulation resulted from good faith, arm's length negotiations; and (b) the Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Fairness Hearing.

5.　　　The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Settlement Fairness Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on _____ __, 2024 at __:___ _.m. for the following purposes:

(a)    to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b)    to determine finally whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)    to determine finally whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Stipulation;

(d)    to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)    to consider the application of Class Counsel for an award of attorneys' fees and expenses and reimbursement of the reasonable costs and expenses incurred by the Class Representatives directly related to their representation of the Settlement Class;

(f)    to consider Settlement Class Members' objections to the Settlement, if any, whether timely submitted in writing or presented orally at the Settlement Fairness Hearing by Settlement Class Members (or by counsel on their behalf), provided that they gave proper notice that they intend to appear at the Settlement Fairness Hearing; and

(g)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to adjourn the Settlement Fairness Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, and with or without further notice of any kind.  The Court further reserves

4

the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses. In the event the Court reschedules the Settlement Fairness Hearing, Class Counsel will direct the Claims Administrator to update its website, on the page dedicated to this Settlement, to reflect any changes to the date and time of the Settlement Fairness Hearing.

7.      The Court approves the form, substance and requirements of the (a) Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"), (b) Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and (c) Postcard Notice (collectively, with the Long Notice and Summary Notice, "Notice"), and (d) the Proof of Claim and Release Form ("Claim Form"), all of which are exhibits to the Stipulation.

8.      Class Counsel has the authority to enter into the Settlement on behalf of the Settlement Class and has the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

9.      For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

10.     Within thirty (30) calendar days (excluding any public holidays in the United States or the People's Republic of China) after the later of: (i) entry of this Order preliminarily approving the Settlement; or (ii) transmission to Defendants' Counsel of complete payment instructions, including the bank name and ABA routing number, and a signed Form W-9 providing the tax

5

identification number for the Escrow Account, DouYu shall deposit or cause to be deposited two million and two hundred fifty thousand dollars ($2,250,000) into the Escrow Account.

11.    At any time after entry of this Order, the Lead Counsel may, without further approval from the Court or DouYu, disburse up to two hundred and fifty thousand dollars ($250,000) from the Settlement Fund to pay reasonable and necessary Notice and Administration Costs prior to the Effective Date.  After the Effective Date, additional amounts may be transferred from the Settlement Fund for Lead Counsel to pay any additional reasonable and necessary Notice and Administration Costs without further Order of the Court.

12.    Within ten (10) days after entry of this Order, DouYu shall assist the Claims Administrator by making best efforts to obtain from DouYu's depository bank, at no cost to Plaintiffs or Lead Counsel, the identities of Settlement Class Members, including any names, addresses, and email addresses of Settlement Class Members and nominees or custodians that exist in such transfer records ("Class Information").  Any other Defendant shall have the right, but not the obligation, to provide the identity of any Settlement Class Members of which it is aware to the Claims Administrator.  The Class Information shall be provided in electronic searchable form, such as an Excel spreadsheet or other form as is reasonably available to DouYu.  The Parties acknowledge that any Class Information provided to Class Counsel or the Claims Administrator shall be treated as confidential and will be used by Class Counsel and/or the Claims Administrator solely to provide Notice and/or implement the Settlement.

13.    Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, a copy of the Long Notice, and the Claim Form to be posted on the Claims Administrator's website within forty (40) calendar days after entry of this Order.

6

14.    Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* within forty (40) calendar days of entry of this Order.  Class Counsel shall, at least seven (7) calendar days before the Settlement Fairness Hearing, serve upon Defense Counsel and file with the Court proof of publication of the Summary Notice.

15.    Within forty (40) calendar days of entry of this Order, Class Counsel, through the Claims Administrator, shall either: (a) email links to the location of the electronic Long Notice and Claim Form to Settlement Class Members for whom the Claims Administrator is able to obtain email addresses with reasonable effort, substantially in the form as Exhibits A-1 and A-2 to the Stipulation; or (b) if no email address can be obtained, cause the Postcard Notice, substantially in the form as Exhibit A-4 to the Stipulation, to be mailed by first-class mail, postage prepaid, to Settlement Class Members whom the Claims Administrator can identify with reasonable effort.

16.    Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held DouYu ADSs as record owners but not as beneficial owners.  Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (a) provide to the Claims Administrator the name, email address, and last known address of each Person or organization for whom or which it purchased DouYu ADSs during the Class Period; (b) request from the Claims Administrator a link to the electronic Long Notice and Claim Form and email the link to all such beneficial owners for whom valid email addresses are available within ten (10) calendar days of receipt of the link from the Claims Administrator; or (c) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided free of charge, and within ten (10) calendar days of receipt, mail the Postcard Notice directly to the beneficial owners of the DouYu ADSs.  Nominees that choose to follow alternative

7

procedures (b) or (c) shall, upon such emailing or mailing, send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed. If the Claims Administrator receives a valid email address for a beneficial owner, it will promptly send a link to the Notice and Claim Form electronically, and, if not, it will promptly mail a Postcard Notice to the beneficial owner. Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.02 per name, address and email address provided to the Claims Administrator; up to $0.02 per Postcard Notice actually mailed, plus postage at the pre-sort rate used by the Claims Administrator; or up to $0.02 per link to the electronic Long Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. Nominees are not authorized to print the Postcard Notice. Postcard Notices may only be printed by the Claims Administrator.

17.     Class Counsel shall, at least seven (7) calendar days before the Settlement Fairness Hearing, serve upon DouYu's Counsel and file with the Court proof of the mailing and emailing of Notice, Claim Form and/or Postcard, as required by this Order.

18.     The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules; constitute the best notice practicable under the circumstances; and

8

constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  The date and time of the Settlement Fairness Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, emailed, posted online, or published, as applicable.

19.     To participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Claim Form must be submitted to the Claims Administrator: (i) electronically through the Claims Administrator's website, www.strategicclaims.net/DouYu/ by 11:59 p.m. EST on _____ __, 2024; or (ii) at the Post Office Box indicated in the Notice, postmarked no later than _____ __, 2024 (thirty (30) calendar days prior to the Settlement Fairness Hearing).  Such deadline may be further extended by Order of the Court.  Each Claim Form shall be deemed to have been submitted when: (i) the Claimant receives a confirmation notice from Strategic Claims Services for electronic submissions; or (ii) legibly postmarked (if properly addressed and mailed by first class mail), provided such Claim Form is actually received before the Settlement Fairness Hearing.  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Claim Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be

9

accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the Person executing the Claim Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    Once the Claims Administrator has considered a timely submitted Claim Form, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Claim Form that is deficient shall be afforded a reasonable time (at least fifteen (15) calendar days from the date the Claims Administrator provides notice of the deficiency) to cure such deficiency if it shall appear that such deficiency may be cured.  If any Claimant whose claim has been rejected in whole or in part (either due to an uncurable deficiency, a failure to cure a deficiency, or any other stated basis) wishes to contest such rejection, the Claimant must, within fifteen  (15) calendar days after the date of mailing of the rejection or partial rejection notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d)    As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation.

20.    All Settlement Class Members who do not submit valid and timely Claim Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

21.    Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____ __, 2024 (twenty-one (21) calendar days prior to the Settlement Fairness Hearing) (the "Exclusion Deadline"), to the address listed in the Notice.  In order to be valid, such request for exclusion (a) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Fernandez v. DouYu International Holdings Limited, et al.,* Case No. 2:23-cv-03161-EP-SDA (D.N.J.)"; and (b) state the number of DouYu ADS purchased/acquired and/or sold during the Class Period (*i.e.*, between April 30, 2021 and November 27, 2023, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  Moreover, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of DouYu ADSs during the Class Period; and (ii) demonstrating the Person's status as a beneficial owner of DouYu ADSs.  Any such request for exclusion must be

11

signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

22. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Parties promptly as received, and in any event not less than five (5) days of receipt thereof, or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

23. Any Person who submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) business days before the Settlement Fairness Hearing, in which event that Person will be included in the Settlement Class.

24. All Persons who submit valid, timely and unrevoked request for exclusions will be forever barred from receiving any payments from the Net Settlement Fund.

25. Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

26. The Court will consider comments on and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to

12

each of the following counsel at least twenty-one (21) calendar days prior to the Settlement

Fairness Hearing Date:

CLASS COUNSEL:
Phillip Kim
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

Casey Sadler
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East Suite 2100
Los Angeles, CA 90067

COUNSEL FOR DEFENDANTS:
Edmund Polubinski III
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017

and that Person has (at least twenty-one (21) calendar days prior to the Settlement Fairness Hearing

date) filed said objections, papers and briefs, showing due proof of service upon counsel identified

above, with the Clerk of the Court, U.S. District Court, District of New Jersey, Martin Luther King

Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101.  To be valid, any such

objection must contain: (a) the Settlement Class Member's name, address, and telephone number;

(b) documents sufficient to prove membership in the Settlement Class, including the number of

DouYu ADSs that the Settlement Class Member purchased/acquired and/or sold during the Class

Period, as well as the dates and prices of each such purchase/acquisition and sale; (c) all grounds

for the objection, including any legal support known to the Settlement Class Member and/or his,

her, their, or its counsel; (d) the name, address and telephone number of all counsel who represent

the Settlement Class Member, including former or current counsel who may be entitled to

compensation in connection with the objection; and (e) the number of times the Settlement Class

Member and/or his, her, their, or its counsel has filed an objection to a class action settlement in the

last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Fairness Hearing is not necessary, but Settlement Class Members wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted and served on the Parties at least ten (10) calendar days prior the Settlement Fairness Hearing) that they intend to appear at the Settlement Fairness Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.

27.     Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

28.     All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than thirty-five (35) calendar days before the Settlement Fairness Hearing.

29.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

14

30.     Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representatives submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

31.     Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Stipulation is cancelled and terminated pursuant to the Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation, are hereby stayed and suspended until further order of the Court.

32.     All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

33.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

15

34.    In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed as of June 13, 2024, pursuant to the terms of the Stipulation.

35.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute concerning any Claim Form submitted and any future requests by one or more of the Parties that the Order and Final Judgment, the releases and/or the permanent injunction set forth in the Stipulation be enforced.


Dated: _____, 2024                    _____
                                            HON. EVELYN PADIN
                                            UNITED STATES DISTRICT JUDGE