# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID RIGO FERNANDEZ, individually and on behalf of all others similarly situated, | Case No. 2:23-cv-03161-SDA<br>*Document Filed Electronically* |
| Plaintiff, | CLASS ACTION |
| v. | Motion Day: August 18, 2025 |
| DOUYU INTERNATIONAL HOLDINGS LIMITED, SHAOJIE CHEN, AND MINGMING SU, | Hon. Stacey D. Adams, U.S.M.J. |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF: (1) LEAD PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES <u>AND REIMBURSEMENT OF LITIGATION EXPENSES</u>**

# **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ...................................................................1

II.     ARGUMENT.........................................................................................4

    A.     The Positive Reaction of the Settlement Class Supports Approval of the Settlement, Plan of Allocation, and Fee and Expense Application............4

    B.     The One Purported Objection is Invalid and Without Merit, and thus, Should Be Overruled .................................................................................8

III.    CONCLUSION.....................................................................................9

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chao Sun v. Daqing Han*,
2018 WL 11277605 (D.N.J. Mar. 9, 2018) ........................................................................7

*Dartell v. Tibet Pharm., Inc.*,
2017 WL 2815073 (D.N.J. June 29, 2017) ........................................................................6

*Desantis v. Snap-On Tools Co.*,
2006 WL 3068584 (D.N.J. Oct. 27, 2006) ........................................................................4

*In re AOL Time Warner, Inc.*,
2006 WL 903236 (S.D.N.Y. Apr. 6, 2006) ....................................................................8, 9

*In re Auto. Refinishing Paint Antitrust Litig.*,
MDL No. 1426, 2008 WL 63269 (E.D. Pa. Jan. 3, 2008)....................................................6

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ...............................................................................................4

*In re Datatec Systems, Inc. Sec. Litig.*,
2007 WL 4225828 (D.N.J. Nov. 28, 2007) ........................................................................5

*In re Innocoll Holdings Pub. Ltd. Co. Sec. Litig.*,
2022 WL 16533571 (E.D. Pa. Oct. 28, 2022) ................................................................6, 7

*In re Linerboard Antitrust Litig.*,
321 F. Supp. 2d 619 (E.D. Pa. 2004)..................................................................................5

*In re Lucent Techs., Inc., Sec. Litig.*,
307 F. Supp. 2d 633 (D.N.J. 2004)......................................................................................4

*In re Mercedes-Benz Emissions,
Litig.*, 2021 WL 7833193 (D.N.J. Aug. 2, 2021) ..............................................................5

*In re Par Pharm. Sec. Litig.*,
  2013 WL 3930091 (D.N.J. July 29, 2013) ..................................................... 5, 6, 7

*In re Rite Aid Corp. Sec. Litig.*,
  396 F.3d 294 (3d Cir. 2005) ...................................................................................6

*In re Royal Dutch/Shell Transp. Sec. Litig.*,
  2008 WL 9447623 (D.N.J. Dec. 9, 2008) ...............................................................9

*McLennan v. LG Elecs. USA, Inc.*,
  2012 WL 686020 (D.N.J. Mar. 2, 2012) .................................................................8

*O'Hern v. Vida Longevity Fund, LP*,
  2023 WL 3204044 (D. Del. May 2, 2023) ..............................................................3

*Stoetzner v. U.S. Steel Corp.*,
  897 F.2d 115 (3d Cir. 1990) ...................................................................................5

iii

Court-appointed lead plaintiffs, Raphael Seiler and Pedro Reyes (together, "Lead Plaintiffs"), and their counsel, The Rosen Law Firm, P.A. and Glancy Prongay & Murray LLP (collectively, "Lead Counsel"), respectfully submit this memorandum in further support of: (i) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 81, the "Final Approval Motion"); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 82, the "Fee and Expense Application").[1]

## I.    PRELIMINARY STATEMENT

Pursuant to the Court's March 31, 2025 Order Preliminarily Approving Class Action Settlement and Providing for Notice (ECF No. 79; the "Preliminary Approval Order"), approximately 35,372 copies of the Court-approved Postcard Notice or Long Notice and Claim Form were disseminated to potential Settlement Class Members and the largest brokerage firms, banks, institutions, and other nominees. *See* Supplemental Declaration of Sarah Evans Concerning: (A) Emailing and

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement dated July 30, 2024 ("Stipulation"; ECF No. 61), or in the Joint Declaration of Phillip Kim and Casey E. Sadler in Support of: (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Joint Declaration") (ECF No. 83).

Mailing of Notice; (B) Report on Requests for Exclusion and Objections; and (C) Claims Received to Date ("Suppl. Evans Decl."), filed herewith, at ¶4.

In addition, the Court-appointed Claims Administrator, Strategic Claims Services ("SCS") caused: (i) the Summary Notice to be published electronically on the *GlobeNewswire* on May 9, 2025;[2] and (ii) the Long Notice, Claim Form, Stipulation, Preliminary Approval Order, and the Second Amended Complaint Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 50), among other important case-related documents, to be posted on the webpage dedicated to the Settlement on SCS's website, www.strategicclaims.net/DouYu/ ("Settlement Website"). *See* Suppl. Evans Decl., ¶6. The Postcard Notice, Long Notice, Summary Notice and Settlement Website informed Settlement Class Members of: (i) the July 21, 2025 claims filing deadline; and (ii) the July 28, 2025 deadline to (a) file an objection to the Settlement, Plan of Allocation, and/or Fee and Expense Application, or (b) request exclusion from the Settlement Class. *See id.*, ¶¶7-9; Initial Mailing Decl., ¶¶12-14; & Exs. A & B.

On July 14, 2025, fourteen (14) days prior to the objection deadline, Lead Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation

---

[2] *See* Declaration of Sarah Evans Concerning: (A) Emailing and Mailing of Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections ("Initial Mailing Decl."; ECF No. 83-1), ¶10, Ex. D.

Expenses.   The motions are supported by, *inter alia*, the declarations of Lead

Plaintiffs, Lead Counsel, and the Claims Administrator.   These papers are available

on the public docket and on the Settlement Website.   *See* ECF Nos. 81 through 83-

13; *see also* Settlement Website, Important Documents page.

Following this extensive notice program, SCS has received approximately

12,610 claims, of which it has preliminarily determined 3,625 are valid claims, 8,932

are invalid, and 53 are deficient claims that claimants will have the opportunity to

cure. *See* Suppl. Evans Decl., ¶ 9.[3]  Moreover, not a single Settlement Class Member

formally objected to the Settlement, the Plan of Allocation, or Lead Counsel's Fee

and Expense Application, and no requests for exclusion have been received by SCS.[4]

*See* Suppl. Evans Decl., ¶7.   The reaction of the Settlement Class provides strong

evidence of the fairness and reasonableness of the proposed Settlement, Plan of

Allocation, and Fee and Expense Application.  *See  O'Hern v. Vida Longevity Fund,*

*LP*, 2023 WL 3204044, at *7 (D. Del. May 2, 2023)  ("When there are many class

---

[3] Once the administration is complete, SCS will submit a declaration in conjunction with Lead Counsel's Motion for Settlement Distribution Order, which will set forth the final accepted and rejected claim numbers.  *See* Stipulation, ¶6.3; Suppl. Evans Decl., ¶10.

[4] The Claims Administrator received one email from a purported Settlement Class Member, in which he stated that he "also want[s] to express my disagreement with the settlement amount…it's way too little versus the impact…."  Initial Mailing Decl., Ex. E.  The Claims Administrator informed him how he could formally object to the Settlement.  *Id.*, at ¶14.  To date, no formal or valid objection has been filed on this Court's docket or received by SCS.  *See* Suppl. Evans Decl., ¶8.

members and few objectors, there is a strong presumption in favor of approving the class action settlement under the second *Girsh* factor."); *In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) ("The vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weighs in favor of the Settlement."); *see also In re Lucent Techs., Inc., Sec. Litig.*, 307 F. Supp. 2d 633, 649 (D.N.J. 2004) ("The favorable reaction of the Class supports approval of the proposed Plan of Allocation."); *Desantis v. Snap-On Tools Co.*, 2006 WL 3068584, at *10 (D.N.J. Oct. 27, 2006) ("The fact that there were so few objectors to the amount of attorneys' fees indicates that there is a positive reaction amongst the class to the requested fees.").

For all the reasons set forth herein, and in the opening papers filed with the Court on July 14, 2025, Lead Plaintiffs and their counsel respectfully request that the Court approve the Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses.

## II.   ARGUMENT

### A.   The Positive Reaction of the Settlement Class Supports Approval of the Settlement, Plan of Allocation, and Fee and Expense Application

Lead Plaintiffs and Lead Counsel respectfully submit that the overwhelmingly positive response from the Settlement Class confirms the fairness, adequacy, and

4

reasonableness of the Settlement. *See Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118-19 (3d Cir. 1990) (concluding that, when "only" 29 members of a class of 281 objected, the response of the class as a whole "strongly favors settlement"); *In re Linerboard Antitrust Litig.*, 321 F. Supp. 2d 619, 629 (E.D. Pa. 2004) ("No class members objected to either settlement. This fact strongly militates a finding that the settlement is fair and reasonable. '[T]his unanimous approval of the proposed settlement[ ] by the class members is entitled to nearly dispositive weight in this court's evaluation of the proposed settlement.'") (internal citations omitted); *see also In re Mercedes-Benz Emissions Litig.*, 2021 WL 7833193, at *11 (D.N.J. Aug. 2, 2021) (finding "the reaction of the Class … overwhelmingly positive" where, *inter alia*, "opt out requests have been minimal, totaling less than one percent of those to whom notice packets were sent[,]" and there were "only 18 objections to settlement").

The favorable reaction of the Settlement Class also supports approval of the Plan of Allocation. *In re Par Pharm. Sec. Litig.*, 2013 WL 3930091, at *8 (D.N.J. July 29, 2013) ("Lead Plaintiff's Plan of Allocation is fair, adequate, and reasonable. It is fully recommended by Plaintiff's Counsel, and, although notice was sent to over 84,572 potential class members, no member has objected to it. Therefore, the Court finds that the balance of factors weighs in favor of approving the Plan of Allocation.") (citations omitted); *In re Datatec Systems, Inc. Sec. Litig.*, 2007 WL

5

4225828, at *5 (D.N.J. Nov. 28, 2007) ("no class members have objected to the Plan

of Allocation or the Settlement" supporting approval).

Similarly, the reaction of the Settlement Class should be considered with

respect to Lead Counsel's motion for an award of attorneys' fees and reimbursement

of Litigation Expenses. The absence of any objections to the request for an award

of attorneys' fees and expenses supports a finding that the request is reasonable

under the circumstances of this litigation. *See, e.g.*, *In re Rite Aid Corp. Sec. Litig.*,

396 F.3d 294, 305 (3d Cir. 2005) ("[T]he absence of substantial objections by class

members to the fee requests weigh[s] in favor of approving the fee request."); *Par*

*Pharm.*, 2013 WL 3930091, at *9 (absence of objections supports approval of fees

requested by counsel); *In re Innocoll Holdings Pub. Ltd. Co. Sec. Litig.*, 2022 WL

16533571, at *10 (E.D. Pa. Oct. 28, 2022) ("No [s]ettlement class member objected

to the attorneys' fees or any out-of-pocket reimbursements sought, and, indeed, no

person sought exclusion from the Settlement class. This weighs in favor of

approving the attorneys' fees in the amount requested.").[5]

Finally, the absence of any objections from Settlement Class Members to

---

[5] *See also Dartell v. Tibet Pharm., Inc.*, 2017 WL 2815073, at *9 (D.N.J. June 29, 2017) ("To date, no class member has objected to the requested fees. Accordingly, the reaction from the class supports the fee request."); *In re Auto. Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2008 WL 63269, at *4 (E.D. Pa. Jan. 3, 2008) ("A lack of objections demonstrates that the Class views the settlement as a success and finds the request for counsel fees to be reasonable.").

Lead Counsel's request for PSLRA awards to Lead Plaintiffs in the aggregate amount of $10,000 (or $5,000 per Lead Plaintiff) to compensate them for the time and effort they expended on behalf of the Settlement Class, supports a finding that the awards are fair and reasonable. *See Par Pharm.*, 2013 WL 3930091, at *11 (granting lead plaintiff's request for reimbursement of costs and expenses of $18,000 pursuant to PSLRA where class members were provided notice and did not object); *Chao Sun v. Daqing Han*, 2018 WL 11277605, at *2 (D.N.J. Mar. 9, 2018) (awarding $20,000 pursuant to PSLRA where notice was provided and there were no objections); *Innocoll*, 2022 WL 16533571, at *12 (approving plaintiffs' requests for reimbursement under PSLRA, noting that the request was "relatively modest at less than one percent of the [s]ettlement fund and is not unreasonable when compared to compensatory awards granted by other courts in the Third Circuit.") (*citing, inter alia*, *Par Pharm.*, 2013 WL 3930091, at * 11).

In sum, the extremely favorable reaction of the Settlement Class is strong evidence that: (i) the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class; (ii) the proposed Plan of Allocation of the Settlement proceeds is fair and equitable; and (iii) Lead Counsel's fee and expense request is reasonable.

**B.**    **The One Purported Objection is Invalid and Without Merit, and thus, Should Be Overruled**

As noted above, SCS received an email from one purported Settlement Class Member stating, in part, "I also want to express my disagreement with the settlement amount[,] it's way too little versus the impact but I don't know how to proceed and time is running out."  Initial Mailing Decl., ¶14; & Ex. E; Suppl. Evans Decl., ¶8. SCS promptly responded to the purported Settlement Class Member, providing him with an electronic copy of the Long Notice and Proof of Claim, explaining that detailed information on how to object to the Settlement could be found on page 9 of the Long Notice, and instructing him to contact SCS with any further questions.  *Id*. To date, SCS has not received any further response from the purported Settlement Class Member, and no objections have been filed on the Court's docket.  *Id*.

Even if the Court were to consider this communication as an objection, it is invalid and meritless.  Lead Plaintiffs explained in significant detail in the Final Approval Motion and Joint Declaration why the Settlement should be approved as fair, reasonable and adequate.  Given that the purported objection provides no legal or factual basis for the insufficiency of the Settlement, and completely fails to consider the legal or factual context in which the Settlement was reached, nothing in the objection changes the calculus.  Indeed, "Courts routinely approve settlements over conclusory objections."  *In re AOL Time Warner, Inc.*, 2006 WL 903236, at *15 (S.D.N.Y. Apr. 6, 2006); *see also McLennan v. LG Elecs. USA, Inc.*, 2012 WL

8

686020, at *8 (D.N.J. Mar. 2, 2012) ("It is well-established that such generalized objections should be overruled."); *In re Royal Dutch/Shell Transp. Sec. Litig.*, 2008 WL 9447623, at *30 (D.N.J. Dec. 9, 2008) (rejecting an objection that was "vague at best"). The Court should, therefore, overrule the invalid objection. *See AOL Time Warner*, 2006 WL 903236, at *15 ("the objectors' unsupported allegations of unreasonableness do not alter my appraisal of the Settlement's fairness.").

## III.    CONCLUSION

For the reasons set forth herein and in the previously-filed Final Approval Memorandum (ECF No. 81), Fee Memorandum (ECF No. 82), and Joint Declaration (ECF Nos. 83 through 83-13), Lead Plaintiffs and Lead Counsel respectfully request that the Court: (i) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (ii) award attorneys' fees to Lead Counsel in the amount of 33⅓% of the Settlement Fund, plus out-of-pocket expenses in the amount of $53,270.97; and (iii) award $10,000 in the aggregate (or $5,000 each) to Court-appointed Lead Plaintiffs Raphael Seiler and Pedro Reyes as reimbursement of the reasonable costs (including the cost of time spent) as a direct result of their representation of the Settlement Class.[6]

---

[6] The Settlement is conditioned on the entry of a Judgment. *See* Stipulation, ¶8.0(d); Ex. B; ECF No. 61-6. The [Proposed] Order and Final Judgment, along with a [Proposed] Order Approving the Plan of Allocation and a [Proposed] Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses, are submitted concurrently herewith.

9

Dated: August 11, 2025               Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

_/s/ Erica L. Stone_
Laurence M. Rosen
Jing Chen
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com
       jchen@rosenlegal.com

Phillip Kim (_Pro Hac Vice_)
Erica L. Stone
275 Madison Ave, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
       estone@rosenlegal.com

**GLANCY PRONGAY & MURRAY LLP**
Joseph D. Cohen (_Pro Hac Vice_)
Casey E. Sadler (_Pro Hac Vice_)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: (310) 201-9150
Email: jcohen@glancylaw.com
       csadler@glancylaw.com

_Co-Lead Counsel for Lead Plaintiffs and the Settlement Class_

10

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Erica L. Stone*
Erica L. Stone