**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID RIGO FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOUYU INTERNATIONAL HOLDINGS LIMITED, SHAOJIE CHEN, AND MINGMING SU,<br><br>Defendants. | Case No. 2:23-cv-03161-SDA<br>*Document Filed Electronically*<br><br>CLASS ACTION<br><br>Hon. Stacey D. Adams, U.S.M.J. |

**ORDER GRANTING ATTORNEYS' FEES,**
**REIMBURSEMENT OF LITIGATION EXPENSES,**
**AND LEAD PLAINTIFFS' AWARDS**

This matter came on for hearing on August 18, 2025 (the "Settlement Hearing") on Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. (ECF No. 82). The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was provided to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was transmitted over the *GlobeNewswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated July 30, 2024 (ECF No. 61, "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to this Action, including all Settlement Class Members.

3.      Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

1

4.    Lead Counsel are hereby awarded attorneys' fees in the amount of $750,000, or 33⅓% of the Settlement Fund (which amount includes interest earned at the same rate as the Settlement Fund) and $____$53,270.97____ in reimbursement of counsel's out-of-pocket litigation expenses (which fees and expenses shall be paid from the Settlement Fund).  The Court finds these sums to be fair and reasonable.

5.    In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)    The Settlement has created a fund of $2,250,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

(b)    Copies of the Postcard Notice were timely mailed, and/or a link to the Long Notice and Claim Form was emailed, to approximately 35,372 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund and reimbursement of out-of-pocket litigation expenses in an amount not to exceed $60,000.  There were no objections to the requested attorneys' fees and reimbursement of litigation expenses;

(c)    Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d)    The Action raised a number of complex issues;

(e)    Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less than the Settlement Amount, or nothing at all, from Defendants;

(f)    Lead Counsel devoted at least 669.9 hours, with a lodestar value of approximately $696,333.00, to achieve the Settlement; and

(g)    The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.    Lead Plaintiff Raphael Seiler is hereby awarded $__5,000_____ from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to its representation of the Settlement Class.  There were no objections to this request.

7.    Lead Plaintiff Pedro Reyes is hereby awarded $__5,000_____ from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to its representation of the Settlement Class.  There were no objections to this request.

8.    Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

9.    Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

10.    In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Settlement.

11.    There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

3

12.      The motion for attorneys' fees, reimbursement of litigation expenses, and lead plaintiffs' awards (ECF No. 82) is GRANTED. The Clerk of the Court shall terminate ECF No. 82.

SO ORDERED this __**12th**__ day of __**December**__, **2025**.

_____
The Honorable Stacey D. Adams
United States Magistrate Judge

*\* For the reasons set forth in the accompanying Opinion*

4